McMILLAN, Judge.
From a conviction for the offense of the sale of prohibited liquor, in violation of § 28-4-20, Code of Alabama (1975), this appeal follows. For the reasons outlined below, the judgment of conviction is due to be affirmed, and this case is remanded to the circuit court for proper sentencing.
The appellant, Wilburn Callahan, was arrested on January 21, 1983, for the misdemeanor offense of illegal possession of prohibited liquors and the sale of prohibited liquors, both being violations of § 28-4-20, Code of Alabama (1975). He was arraigned in the District Court of Morgan County on March 11, 1983, where he entered pleas of not guilty to both charges. The charges were consolidated for trial, which was held on April 20, 1983. Appellant was found guilty of both charges by the district court and was sentenced to 30 days in the Morgan County Jail. The jail sentence was suspended and the appellant was placed on six months’ unsupervised probation and fined $200.00, plus court costs.
On April 21, 1983, appellant appealed both cases to the Circuit Court of Morgan County, Alabama. Subsequently, on January 31, 1985, he was arraigned in circuit court and entered a plea of not guilty to each charge. On March 5, 1985, he appeared in open court before a duly sworn jury with the Honorable Rudolph Slate presiding. The jury returned a verdict of not guilty for the offense of illegal possession of prohibited liquor, but found the appellant guilty of the offense of the sale of prohibited liquor. Sentencing was held on May 22, 1985, wherein appellant was sentenced to twelve months in the county jail. His application for probation was denied and oral notice of appeal was given. Appellant’s attorney withdrew as counsel of record, whereupon the trial court found the appellant to be indigent and appointed counsel to represent him on appeal.
A single issue is raised for our consideration. The appellant maintains that the imposition of a 12-month sentence for a first *637 offense violation of § 28-4-21, Code of Alabama (1975), was improper. Section 28-4-21 of the Code of Alabama (1975) states:
Any violation of section 28-4-20 shall be a misdemeanor punishable by a fine of not less than $50.00 nor more than $500.00, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail or at hard labor for the county for not less than three months nor more than six months, such imprisonment to be imposed by the court or judge trying the case. On the third and every subsequent conviction of a violation of said section 28-4-20, the offense shall, in addition to a fine within the limits above named, be punishable by imprisonment at hard labor for the county for not less than six months nor more than 12 months.
From a thorough review of the record, this court cannot find any evidence offered by the State that the appellant had previously been convicted of two prior violations of § 28-4-20. The record indicates that the District Court of Morgan County initially sentenced the appellant to a 30-day suspended sentence in the Morgan County Jail and six months’ unsupervised probation. Additionally, he was fined $200.00 plus court costs. However, the case action summary sheet for the District Court of Morgan County noted that the “State of Alabama furnishes no evidence that this offense is other than a first offense for violation of Title 28-4-20. Court thus affords first offense treatment.” Furthermore, the State failed to offer any evidence at trial in Circuit Court as to any prior convictions, nor was there any evidence of prior convictions under the statute offered at the sentencing hearing.
It is the opinion of this court that there was sufficient evidence to sustain the conviction of the appellant for the offense of the sale of prohibited liquor in violation of § 28-4-20, Code of Alabama (1975). Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), writ quashed, 378 So.2d 1173 (Ala.1979). However, the State failed to provide an affirmative showing that the appellant had any prior convictions under the statute. Therefore, appellant was improperly sentenced under § 28-4-21, Code of Alabama (1975), and the case is due to be remanded to the circuit court for clarification of the sentence given, with directions that the State provide an affirmative showing of any prior convictions. Otherwise, proper sentencing should be issued by the trial court.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
On December 10, 1985, this court remanded this case to the trial court for proper sentencing for the appellant’s conviction under § 28-4-21, Code of Alabama (1975). A return has now been filed which shows that, after due notice to the appellant, a sentencing hearing was held. At the sentencing hearing, the State again failed to introduce evidence of any subsequent convictions and the trial court sentenced the appellant to six months in the Morgan County Jail.
A review of the record indicates that the appellant was properly sentenced under § 28-4-21, Code of Alabama (1975), and his conviction and sentence are hereby affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.